# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN ANDREW NELSEN,<br>Petitioner,<br>v.<br>MULE CREEK STATE PRISON HEALTH CARE SERVICE,<br>Respondent. | Case No. 1:26-cv-04298-SAB-HC<br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person applying for the writ is contending that he is 'in custody' in violation of *the Constitution or other federal laws*." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (emphasis added). See Dickerson v. United States, 530 U.S. 428, 439 n.3 (2000).

In the instant petition, Petitioner appears to raise issues regarding Case No. 2:26-cv-01524-AC, a previous § 1983 action he filed in the Sacramento Division regarding a data breach that occurred while Petitioner was confined at Mule Creek State Prison. (ECF 1 at 3.) Whether Petitioner was entitled to relief in his previous § 1983 action does not establish that he is in custody in violation of the Constitution or other federal laws. Accordingly, the Court finds that Petitioner is not entitled to habeas relief.[1]

**II.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable federal habeas claim.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

[1] To the extent Petitioner challenges the outcome of his § 1983 case, he may file an appropriate motion in that action.

Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge